UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| LEGAL EAGLE, LLC <br> 1050 Connecticut Avenue, NW <br> Suite 5038 <br> Washington, DC  20036, <br><br> and <br><br> NATIONAL SECURITY COUNSELORS, INC. <br> 1451 Rockville Pike <br> Suite 250 <br> Rockville, MD  20852 <br> Montgomery County <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ARCHIVES AND RECORDS ADMINISTRATION <br> 8601 Adelphi Road <br> College Park, MD  20740, <br><br> Defendant. | Civil Action No. 8:26-cv-00920 |

## COMPLAINT

Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc. bring this action against Defendant National Archives and Records Administration pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.	Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.	Plaintiff Legal Eagle, LLC ("Legal Eagle") is a business headquartered in the District of Columbia. Legal Eagle runs the LegalEagle YouTube channel (https://www.youtube.com/legaleagle), which is the most popular long form YouTube channel focused on legal issues—as well as one of the fastest growing educational channels in the world—with more than three million subscribers, fifteen million monthly views, and nearly one billion total video views. Legal Eagle is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.	Plaintiff National Security Counselors, Inc. ("NSC") is a non-profit public interest law firm incorporated in 2010 in the Commonwealth of Virginia as a tax-exempt charitable organization, which is currently headquartered in the state of Maryland. NSC uses research, litigation, and communications to inform the public about legal issues involving the federal Government and has the ability to disseminate information on a wide scale. As part of its research, NSC uses government records made available to it under FOIA as well as Government records that agencies have made available to the general public.

5.	Defendant National Archives and Records Administration ("NARA") is an agency within the meaning of 5 U.S.C. § 552(f) and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

6.	The Donald J. Trump Presidential Library ("Trump Library") is a NARA component.

## BACKGROUND

### *PART I: TRUMP I PRESIDENTIAL RECORDS AND FOIA*

7. According to the Presidential Records Act, 44 U.S.C. § 2204, all Presidential records—with limited exceptions—become subject to FOIA five years after the end of the President's last consecutive term.

8. President Donald Trump's first term ended on 20 January 2021.

9. Accordingly, all Presidential records from President Trump's first term became subject to FOIA on 20 January 2026.

10. FOIA requests for Presidential records are submitted to the appropriate Presidential Library.

11. FOIA requests for Presidential records from President Trump's first term are submitted to the Donald J. Trump Presidential Library and may be submitted by online form, email, or United States Postal Service.

### *PART II: PRESIDENTIAL RECORDS SEIZED FROM THE MAR-A-LAGO CLUB*

12. On or around 20 January 2021, President Donald Trump caused numerous boxes, many of which contained classified documents, to be transported from the White House to the Mar-a-Lago Club in Palm Beach, Florida, where he maintained his residence.

13. Then-former President Trump maintained these boxes in various locations at the Mar-a-Lago Club for over a year.

14. On or around 6 May 2021, NARA requested that then-former President Trump return any Presidential records he may have kept upon leaving the White House. NARA continued to make such requests for approximately seven months.

15. In late December 2021, a representative of then-former President Trump advised NARA that twelve boxes of records had been found and were ready to be returned.

16. On 17 January 2022, then-former President Trump returned fifteen boxes of records to NARA.

17. These fifteen boxes contained, *inter alia*, 197 documents with classified markings, including 69 marked Confidential, 98 marked Secret, and 30 marked Top Secret.

18. On 9 February 2022, NARA referred the matter to the Department of Justice ("DOJ") upon discovering that the boxes contained classified documents.

19. On 30 March 2022, the Federal Bureau of Investigation ("FBI") opened a criminal investigation into the unlawful retention of classified documents at the Mar-a-Lago Club.

20. On 2 June 2022, a lawyer for then-former President Trump identified 38 additional classified documents at the Mar-a-Lago Club, which he provided to FBI agents and a DOJ lawyer.

21. On 5 August 2022, DOJ sought and obtained a warrant to search the Mar-a-Lago Club, demonstrating probable cause that additional Presidential records and classified documents were being stored there.

22. On 8 August 2022, FBI executed this warrant and searched the Mar-a-Lago Club, recovering, *inter alia*, 102 classified documents.

23. On 28 February 2025, after being re-elected, President Trump posted on social media: "The Department of Justice has just returned the boxes that Deranged Jack Smith made such a big deal about. They are being brought down to Florida and will someday be part of the Trump Presidential Library." Donald J. Trump (@realDonaldTrump), Truth Social (Feb. 28,

2025 7:02 PM), *at* https://truthsocial.com/@realDonaldTrump/posts/114084241095787137 (last accessed Mar. 2, 2026).

24. Upon information and belief, President Trump's social media post accurately stated that Presidential records recovered from the Mar-a-Lago Club by DOJ, FBI, and/or NARA were returned to the Mar-a-Lago Club on 28 February 2025.

25. On 28 February 2025, White House Communications Director Steven Cheung stated that FBI was "giving the President his property back that was taken during the unlawful and illegal raids." Zoë Richards, Tara Prindiville & Charlie Gile, *FBI returns records from Mar-a-Lago search to Trump, White House says* NBC News (Feb. 28, 2025), *at* https://www.nbcnews.com/politics/white-house/white-house-staffers-seen-transporting-trump-boxes-mar-lago-rcna194316 (last accessed Mar. 2, 2026).

26. Presidential records are not the personal property of the President, and the Trump Library accordingly maintains legal custody of any documents "given back" to President Trump.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – 26-19620-F)

27. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 set forth above.

28. On 20 January 2026, NSC submitted to the Trump Library via email a FOIA request for "all records recovered by the National Archives and Records Administration ("NARA") from President Trump between 2021-2024, inclusive."

29. NSC added, "This includes all records voluntarily returned to NARA by President Trump, as well as those seized by any law enforcement agency."

30. NSC added, "Please process the responsive records but do not send us copies. Once you have completed your processing, please notify me so that we can make arrangements for someone to review them at an appropriate National Archives facility."

31. On 28 January 2026, Legal Eagle, through undersigned counsel, instructed the Trump Library by email to add it as a co-requester to NSC's request.

32. On 18 February 2026, the Trump Library acknowledged receipt of this request and assigned it Request No. 26-19620-F.

33. On 18 February 2026, the Trump Library advised Plaintiffs that it had limited Request No. 26-19620-F to unclassified records.

34. On 18 February 2026, the Trump Library advised Plaintiffs that it was invoking "unusual circumstances" and would take an additional ten working days to process the request.

35. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

36. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

## SECOND CAUSE OF ACTION

### (CONSTRUCTIVE RECORDS DENIAL – NW 90925)

37. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 set forth above.

38. On 18 February 2026, the Trump Library advised Plaintiffs that it had assigned Request No. NW 90925 to the request for classified records responsive to Request No. 26-19620-F.

39. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

40. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc. pray that this Court:

(1) Order the Donald J. Trump Presidential Library to make all responsive records available to Plaintiffs;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date:   March 5, 2026

    Respectfully submitted,

    /s/ Kelly B. McClanahan
    Kelly B. McClanahan, Esq.
    MD Bar #31832
    National Security Counselors
    1451 Rockville Pike
    Suite 250
    Rockville, MD  20852
    501-301-4672
    240-681-2189 fax
    Kel@NationalSecurityLaw.org

    *Counsel for Plaintiffs*