# NATIONAL SECURITY COUNSELORS

1451 ROCKVILLE PIKE, SUITE 250
ROCKVILLE, MD  20852
___

TELEPHONE: (501) 301-4NSC (4672)
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in DC, NY, WA, MD)
EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in DC, IL)

13 April 2026

Hon. Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD  20770

Re:     Pre-Motion Notice, *Legal Eagle, LLC, et al. v. NARA*, Case No. 26-920

Dear Judge Chuang:

On behalf of Plaintiffs, I respectfully submit this Pre-Motion Notice regarding our intended motion for a preservation order, for which we will seek an expedited briefing schedule. Defendant has stated that it will oppose both the preservation order and the request for expedited briefing.

I have good cause to file the intended Motion. As noted in paragraphs 23-26 of our Complaint, a significant portion of the records responsive to the FOIA request at issue in this case—if not all of the responsive records—have been "returned" to President Trump's Mar-a-Lago Club, but we maintain that, as presidential records, they continue to be in Defendant's legal custody. However, while I have attempted to reach an agreement with Defendant's counsel in which they would commit to preservation of these records, they will only commit to preserving records in the agency's custody, without agreeing that the records currently at the Mar-a-Lago Club *are* in the agency's custody. In fact, they refuse to even admit or deny the allegations that the records were transferred to the Mar-a-Lago Club in the first place, calling those paragraphs "irrelevant" in their Answer. I also maintain that this is an insufficient Answer and intend to discuss striking those paragraphs or compelling Defendant to respond to those allegations at the Pre-Motion Conference, and can represent that Defendant's counsel has also stated that it opposes such a request.

Even assuming *arguendo* that Defendant is entitled to a presumption of regularity, that presumption is shattered by the fact that the Department of Justice ("DOJ") Office of Legal Counsel ("OLC") issued an opinion on 1 April 2026 stating its conclusion that that the Presidential Records Act ("PRA") was unconstitutional and that "the President need not further comply with its dictates." *See* Constitutionality of the Presidential Records Act, 50 Op. O.L.C. at 52 (Apr. 1, 2026). Through this OLC opinion, DOJ has officially informed President Trump and his staff that, as far as DOJ is concerned, they are free to destroy any and all presidential records at will—including the records responsive to Plaintiffs' request—with no fear of any consequences. While Defendant's commitment to preserving all responsive records "in its

custody" would normally suffice, its refusal to agree that the records at the Mar-a-Lago Club are in its custody, coupled with this new OLC opinion, demonstrates that a preservation order is desperately needed in order to ensure that Plaintiffs are not irreparably harmed by the destruction of responsive records. Similarly, the Court should agree that this matter should be briefed and adjudicated in an expedited fashion, out of recognition of the fact that every day that passes without a preservation order presents a greater risk of spoliation.

I hope that this matter can be resolved during the Pre-Motion Conference, but I am willing to fully brief the matter as soon as possible should it be necessary.

Sincerely,

Kel McClanahan
Counsel for Plaintiffs