# NATIONAL SECURITY COUNSELORS

1451 ROCKVILLE PIKE, SUITE 250
ROCKVILLE, MD  20852
___

TELEPHONE: (501) 301-4NSC (4672)
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in DC, NY, WA, MD)
EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in DC, IL)

29 May 2026

Hon. Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD  20770

Re:    Pre-Motion Notice, *Legal Eagle, LLC, et al. v. NARA*, Case No. 26-920

Dear Judge Chuang:

On behalf of Plaintiffs, I respectfully submit this Pre-Motion Notice regarding our intended motion for leave to file an amended complaint.[1] Defendant's counsel has stated that it takes no position on this Motion.

I have good cause to file the intended Motion. Upon learning during the course of this case that the Department of Justice ("DOJ") and/or Federal Bureau of Investigation ("FBI") did not return the records seized during the 8 August 2022 search of President Trump's home at the Mar-a-Lago Club to the National Archives and Records Administration ("NARA"), I sent three pieces of correspondence to DOJ, FBI, and NARA on 22 April 2026.

The first two pieces were letters directed to DOJ and FBI requesting that they immediately transfer any of the seized records remaining in their possession to NARA as required by law. I made clear that this was a non-discretionary ministerial duty and cited the Administrative Procedure Act ("APA") and Mandamus Act as grounds for my requests. As of this writing, I have not received a response to either letter.

The third piece was an email sent to the NARA Unauthorized Disposition office to request action regarding DOJ and/or FBI's "returning" of seized records to the Mar-a-Lago Club on or around 28 February 2025. I wrote: "The 'return' of Presidential records covered by the [Presidential Records Act] is unlawful, as is the transfer of federal records covered by the [Federal Records Act] out of government custody. The DOJ and FBI copies of these records were agency records covered by the [Federal Records Act]. Therefore this 'return' of records violated both statutes if copies were not retained by DOJ and/or FBI, which, from all reporting, they were not. Please take immediate action to recover these allegedly 'returned' federal and

---

[1] One could argue that this would technically be a *supplemental* complaint and not an *amended* complaint, but I will not spend any time in this letter discussing the nuances between the two and will instead refer to it herein as an amended complaint.

Presidential records, or, at the bare minimum, to ensure that DOJ and/or FBI possess copies of all records which were allegedly 'returned' and will continue to preserve them as required by the FRA." I have seen no indication that this email has been acted on.[2]

I intend to seek leave to amend this complaint to include APA and mandamus claims regarding these three requests. The first two letters are subject to APA and mandamus claims against DOJ to compel them to return the seized records to NARA, and the third email is subject to an APA claim to compel NARA to investigate this matter and, if necessary formally request the Attorney General's assistance in recovering the "returned" records. Because these counts involve the same records which were originally targeted by this complaint—and which were originally believed to be in NARA's custody—it would serve judicial economy and avoid any potential confusion to have them handled in the same case, especially since there are likely to be overlapping legal issues regarding the legal custody of the records.

I am filing this notice because Defendant's counsel has not indicated consent to the Motion, but merely that the Government takes no position. Accordingly, I interpret the Court's standing order to require a pre-Motion notice. I waited a month to file this Motion to give the agencies a reasonable opportunity to respond to my requests, which they have failed to take.

Sincerely,

Kel McClanahan
Counsel for Plaintiffs

---

[2] Specifically, the case has not been listed on the relevant NARA webpage, which lists "unauthorized disposition cases from October 1, 2016 to present." NARA, *Unauthorized Disposition of Federal Records*, at https://www.archives.gov/records-mgmt/resources/unauthorizeddispositionoffederalrecords#Justice (last accessed May 29, 2026).