**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 8:26-cv-00920 (TDC) |
| | * | |
| NATIONAL ARCHIVES AND | * | |
| RECORDS ADMINISTRATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFFS' UNOPPOSED MOTION FOR ALTERNATIVE SERVICE**

NOW COME Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc., by and through undersigned counsel, to submit this Motion for Alternative Service pursuant to Federal Rule of Civil Procedure 45(b) and Maryland Rule 2-121(c) to effectuate service of process upon President Donald Trump in his personal capacity. In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

Plaintiffs filed this matter on 5 March 2026 against Defendant National Archives and Records Administration ("NARA"). This Court held a conference on 15 April 2026, during which the parties discussed, *inter alia*, the prospect of serving a third-party subpoena *duces tecum* on President Donald Trump in his personal capacity regarding Presidential records which had been removed from government custody and "returned" to President Trump's residence at the Mar-a-Lago Club in Florida. Since 22 April 2026, the undersigned has attempted to serve President Trump this subpoena, attached as Ex. A, in numerous ways, all of which have been unsuccessful, as described below:

- 22 April 2026 – The undersigned emailed President Trump's private attorneys at Brito PLLC, asking if they would accept service of this subpoena. He received no response. (McClanahan Decl. ¶ X, attached as Ex. 3.)

- 23 April 2026 – The undersigned emailed Brito PLLC again requesting a response. He received no response. (*Id.* ¶ 4.)

- 28 April 2026 – The undersigned attempted to call Brito PLLC and learned that the phone number listed for the firm is non-functional. He then faxed Brito PLLC requesting a response. He received no response. (*Id.* ¶ 5.)

- 28 April 2026 – The undersigned emailed President Trump's private attorney at Sullivan & Cromwell LLP, asking if he would accept service of this subpoena. He received no response. (*Id.* ¶ 6.)

- 29 April 2026 – The undersigned attempted to serve this subpoena by Certified Mail (in an envelope clearly marked "Subpoena") on President Trump at the Mar-a-Lago Club. (*Id.* ¶ 7.) Delivery was refused and the envelope was marked "Return to Sender" on 4 May 2026. (*Id.* ¶ 8.)

- 6 May 2026 – The undersigned emailed President Trump's private attorney at Sullivan & Cromwell LLP again requesting a response. He included a copy of this subpoena. He received no response. (*Id.* ¶ 9.)

- 8 May 2026 – The undersigned called President Trump's private attorney at Sullivan & Cromwell LLP and spoke with his assistant about this subpoena, and she advised him that she would bring it to his attention. He received no response. (*Id.* ¶ 10.)

- 13 May 2026 – An agent of the undersigned served this subpoena, with an explanatory letter, by Priority Mail Express—with signature requested—on President Trump's private attorney at Sullivan & Cromwell LLP. (*Id.* ¶ 11.) The letter requested that President Trump's attorney confirm acceptance of the subpoena by 6:00 PM on 15 May 2026. (*Id.* ¶ 12.) The envelope was confirmed delivered at 12:21 PM on 15 May 2026. The undersigned received no response. (*Id.* ¶ 13.)

- 21 May 2026 – NARA's counsel advised the undersigned tbat he should contact a different private attorney at DLA Piper regarding service of this subpoena. NARA's counsel clarified in the 22 May 2026 conference that this attorney's name had been provided by the White House Counsel's Office.

- 22 May 2026 – The undersigned emailed President Trump's private attorney at DLA Piper LLP, asking if she would accept service of this subpoena. He explained that her name had been provided by the Department of Justice as the appropriate point of contact and included a copy of this subpoena. He requested that President Trump's attorney confirm acceptance of the subpoena by 12:00 PM on 22 May 2026. He received no response. (*Id.* ¶ 14.)

- 22 May 2026 – The undersigned called President Trump's private attorney at DLA Piper LLP and left a voicemail message asking her to respond to him. He received no response. (*Id.* ¶ 15.)

- 28 May 2026 – The undersigned emailed President Trump's private attorney at DLA Piper LLP again requesting a response. He received no response. (*Id.* ¶ 16.)

- 28 May 2026 – The undersigned called President Trump's private attorney at DLA Piper LLP again and left a voicemail message asking her to respond to him. He received no response. (*Id.* ¶ 17.)

**<u>LEGAL STANDARD</u>**

"Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, service of process upon an individual from whom a waiver has not been obtained may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected." *Snyder v. Phelps*, No. 06-1389, 2006 U.S. Dist. LEXIS 79020, at *12-13 (D. Md. Oct. 30, 2006). "Indeed, the specific procedures set forth in Rule 4 are not intended to constitute an exhaustive statement of procedures for effecting service of process in federal court actions. Utilization of state procedures in an action in the federal court of that state is appropriate." *Id.* at 13 (citing 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1062 (3d ed. 2002)). Maryland Rule 2-121(c) permits that "[w]hen proof is made by affidavit that good faith efforts to serve the defendant pursuant to [Md. Rule 2-121(a)] have not succeeded and that service pursuant to [Md. Rule 2-121(b)] is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."

Generally, when service of process gives the recipient actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963).

## ARGUMENT

Despite the best efforts of Plaintiffs, President Trump remains unserved. Importantly, at all times relevant, President Trump has been represented by counsel. Alejandro Brito and Ian Michael Corp of Brito PLLC filed an amended complaint on his behalf on 27 May 2026. 1st Am. Compl. & Demand for Jury Trial, Dkt. #67, *Trump v. Dow Jones & Co., Inc.*, No. 25-23232 (S.D. Fla.), *available at*

https://storage.courtlistener.com/recap/gov.uscourts.flsd.693830/gov.uscourts.flsd.693830.67.0_ 2.pdf (last accessed May 29, 2026). Robert J. Giuffra, Jr. of Sullivan & Cromwell LLP filed a motion stating that "President Trump will continue to be represented in this Action by the undersigned counsel" on his behalf on 21 April 2026. Mot. for Withdrawal of Appearance, Dkt. #81, *People of the State of N.Y. v. Trump*, No. 23-3773 (S.D.N.Y.), *at*

https://storage.courtlistener.com/recap/gov.uscourts.nysd.598311/gov.uscourts.nysd.598311.81.0 .pdf (last accessed May 29, 2026). Most relevantly, NARA's counsel advised the Court on 22 May 2026 that the White House Counsel's Office had informed her that the undersigned should contact Caryn Schechtman of DLA Piper LLP, presumably because she is also President Trump's private attorney.

Plaintiffs have gone to great lengths to serve President Trump. The undersigned has emailed and called President Trump's private attorneys numerous times at three different law firms. He has provided the subpoena in question to two of those attorneys by email. He has attempted to mail the subpoena to President Trump's home by Certified Mail pursuant to Maryland Rule 2-121(a), only to have the envelope returned to sender. He has even served Mr. Giuffra of Sullivan & Cromwell LLP with the subpoena via Priority Mail Express with signature

requested[1] and confirmed that that envelope was delivered. Plaintiffs have done everything expected of them to serve a sitting President of the United States, and now they must ask this Court to find that serving the subpoena on President Trump's counsel via Certified Mail and email is considered sufficient service under Rule 45 and that doing so gives President Trump actual notice of the subpoena and triggers this Court's contempt powers under Rule 45(g) if he does not comply with the subpoena.

In a roughly analogous case in which a defendant's counsel refused to accept service of process, another court in this district "granted alternative service of process by (1) posting a copy of the Complaint and summons at the Defendants' last known addresses; (2) mailing a copy of the Complaint and summons to the Defendants via first-class mail to their last-known addresses; and (3) mailing a copy of the Complaint and summons to those attorneys who had indicated that they were representing the Defendants." *Snyder*, 2006 U.S. Dist. LEXIS at *12. Another court in this Circuit held that "service on local counsel . . . will provide [international] defendants with notice of this lawsuit and is permitted under Rule 4(f)." *United States ex rel. UXB Int'l, Inc. v. 77 İnşaat & Taahhüt A.S*, No. 14-339, 2015 U.S. Dist. LEXIS 88441, at *6 (W.D. Va. July 8, 2015). *See also Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. 617, 620-21 (S.D. Fla. 2011) (permitting service on local counsel despite counsel's representation that he was not allowed to accept service on behalf of his client).

In fact, *UXB Int'l* explains in more detail why this must be the case:

Service satisfies due process when it provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 . . . (1950); *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 146 (4th Cir. 2014) (citing *Mullane*, 339 U.S. at 314-15)). Due process does not require actual notice,

---

[1] According to the U.S. Postal Service representative processing this attempt, Certified Mail is not available as a separate add-on for Priority Mail Express.

however, and notice either (1) "reasonably certain to inform those affected" or (2) "is not substantially less likely to bring home notice than other of the feasible and customary substitutes" will suffice. *Id.* at 315.

2015 U.S. Dist. LEXIS at *4. When one considers that the requirements of Rule 45 are less strict that the requirements of Rule 4, it becomes self-evident that the Court possesses this authority and that Plaintiffs' request is meritorious. *See Levin v. Roby Trading Corp.*, 248 F. Supp. 537, 541 (S.D.N.Y. 1965) (service by mail to defendant and two of his attorneys sufficient).

Repeated good faith efforts at service pursuant to Maryland Rule 2-121(a) have failed. Further, service of process pursuant to Maryland Rule 2-121(b) is impracticable because the Mar-a-Lago Club has refused delivery of the subpoena and it is impossible to personally serve "a person of suitable age and discretion at the place of business," i.e., the White House. Accordingly, it is appropriate for the Court to find that Plaintiffs have adequately served President Trump.

In the alternative, Plaintiffs request that the Court order that they may serve President Trump by sending the subpoena in question by Certified Mail to Caryn Schechtman at DLA Piper LLP.

A proposed Order accompanies this Motion. NARA takes no position on this Motion.

Date:   May 29, 2026                              Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
MD Bar #31832
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*

7