**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 8:26-cv-00920 (TDC) |
| | * | |
| NATIONAL ARCHIVES AND | * | |
| RECORDS ADMINISTRATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFFS' UNOPPOSED MOTION FOR**
**LEAVE TO FILE FIRST AMENDED COMPLAINT**

NOW COME Plaintiffs to respectfully request leave to file their First Amended Complaint attached hereto.

As explained in the following memorandum, which has been included in this Motion due to its short length, this amended complaint is offered in good faith and not for purpose of delay, but rather to more fully address the revelations made by the Government during this litigation that many of the records originally requested by Plaintiffs were never transferred to the National Archives and Records Administration ("NARA") as required by the Presidential Records Act ("PRA"). Granting this Motion will allow Plaintiffs to adjust the contours of this case to account for these developments and seek the full relief they originally intended. Moreover, if leave is granted it will not unfairly prejudice the Government.

NARA does not oppose this Motion. A proposed Order is attached to this Motion.

**Memorandum of Points and Authorities**

In support of this Motion, Plaintiffs rely on Federal Rule of Civil Procedure 15(a)(2), which provides in relevant part that a party may amend its pleading with leave of the Court and

that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis,* 371 U.S. 178 (1962); *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996).

Plaintiffs have good cause to request leave to amend, it is made in good faith and not for purpose of delay, and if leave is granted it will not unfairly prejudice the Government. "[N]o unfair prejudice exists simply because a party has to defend against new or better pleaded claims." *See* Baicker-McKee, Janssen, & Corr, *Federal Civil Rules Handbook 2016* 579 (Thomson/Reuters 2016) (citing *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."), and *Busam Motor Sales v. Ford Motor Co.,* 203 F.2d 469, 472 (6th Cir. 1953) (Rule 15 amendment is not barred simply because it raises new issue of law)). *See also Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999) (undue delay justifies denial of leave to amend only when accompanied by unfair prejudice, bad faith or futility).

The decision whether to grant leave to amend a complaint is entrusted to the sound discretion of the Court, but leave "should be freely given unless there is a good reason . . . to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). According to the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

2

This amended pleading is being offered in direct response to the Government's disclosure during this litigation that the records recovered from the Mar-a-Lago Club on 8 August 2022 were never transferred into NARA's custody, but were instead retained by the Department of Justice and/or Federal Bureau of Investigation before being "returned" to the Mar-a-Lago Club. Plaintiffs had no reason to expect that these records had not been returned to NARA as the PRA demanded, and now, absent the Court's acceptance of this amended complaint, they arguably lack the ability to obtain the records they originally requested under the Freedom of Information Act.

Similarly, there is no undue prejudice to the Government. Plaintiffs' proposed amendments do not catch the Government by surprise or radically reshape this action, let alone deprive them of an opportunity to mount a fair defense; the Government has known about these amendments for over a month and does not oppose this Motion. *See also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."); *City of Moundbridge v. Exxon Mobil Co.*, 250 F.R.D. 1, 6 (D.D.C. 2008) ("Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely.").

## Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' Motion.

Date:   July 3, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
MD Bar #31832
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*