**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, <s>1050 Connecticut Avenue, NW Suite 5038 Washington, DC 20036,</s> | * * * * * | |
| and | * * | |
| NATIONAL SECURITY COUNSELORS, INC. <s>1451 Rockville Pike Suite 250,</s> <s>Rockville, MD 20852</s> <s>Montgomery County</s> | * * * * * * | <s>* Civil Action No. 8:26-cv-00920</s> |
| Plaintiffs, | * * * | |
| v. | * * | |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | * * * * | |
| and | * * | |
| EDWARD FORST Acting Archivist of the United States National Archives and Records Administration | * * * * | Civil Action No. 8:26-cv-00920 (TDC) |
| 8601 Adelphi Road College Park, MD 20740, | * * * | |
| and | * * | |
| DEPARTMENT OF JUSTICE 950 Pennsylvania Avenue, NW Washington, DC 20530, | * * * * | |
| and | * * | |
| TODD BLANCHE Acting United States Attorney General Department of Justice 950 Pennsylvania Avenue, NW | * * * * | |

Washington, DC  20530,                                    *

                                                          *

          Defendants.                                     *

                                                          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### FIRST AMENDED COMPLAINT

Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc. bring this action against Defendants National Archives and Records Administration, Edward Forst, Department of Justice, and Todd Blanche pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"); the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"); the Federal Records Act, 44 U.S.C. §§ 2101 *et seq.*, 3010 *et seq.*, and 3301 *et seq.*, ("FRA") which includes the Disposal of Records Act, 44 U.S.C. §§ 3301-3314; the Federal Declaratory Judgment Act, 28 U.S.C. § 2201; the Mandamus Act, 28 U.S.C. § 1361; and the All Writs Act, 28 U.S.C. § 1651.the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

### JURISDICTION

1.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2

1.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff Legal Eagle, LLC ("Legal Eagle") is a business headquartered in the District of Columbia. Legal Eagle runs the LegalEagle YouTube channel (https://www.youtube.com/legaleagle), which is the most popular long form YouTube channel focused on legal issues—as well as one of the fastest growing educational channels in the world—with more than three million subscribers, fifteen million monthly views, and nearly one billion total video views. Legal Eagle is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Plaintiff National Security Counselors, Inc. ("NSC") is a non-profit public interest law firm incorporated in 2010 in the Commonwealth of Virginia as a tax-exempt charitable organization, which is currently headquartered in the state of Maryland. NSC uses research, litigation, and communications to inform the public about legal issues involving the federal Government and has the ability to disseminate information on a wide scale. As part of its research, NSC uses government records made available to it under FOIA as well as Government records that agencies have made available to the general public.

5. Defendant National Archives and Records Administration ("NARA") is an agency within the meaning of 5 U.S.C. § 552(f) and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action. NARA is also the primary agency responsible for assisting federal agencies in maintaining adequate and proper documentation of policies and transactions of the federal government. NARA is tasked with appraising records,

3

regulating and approving the disposition of federal records, operating Federal Records Centers, and preserving permanent records.

6. The Donald J. Trump Presidential Library ("Trump Library") is a NARA component.

Formatted: Indent: Left:  0", Allow hanging punctuation, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Font Alignment: Auto

4

7.    Defendant Edward Forst is the Acting Archivist of the United States ("Archivist") and is sued solely in his official capacity. As Acting Archivist, Mr. Forst supervises and directs NARA. The Archivist is responsible for the preservation of federal records. The Archivist's duties under the FRA include authorizing the disposal of federal records after a specified period of time through his approval of schedules submitted to him by individual agencies, or through the promulgation of General Records Schedules. If the Archivist discovers any actual or impending destruction of federal records, the Archivist is under a statutory obligation to initiate action through the Attorney General to restore the records. For purposes of this Complaint, Defendants NARA and the Archivist shall be referred to jointly as Defendant Archivist.

8.    Defendant Department of Justice ("DOJ") is an agency and is in possession and/or control of records which are the subject of this action.

9.    The Federal Bureau of Investigation ("FBI") is a DOJ component.

10.    Defendant Todd Blanche is the Acting Attorney General and is sued solely in his official capacity.

**BACKGROUND**

***PART I: TRUMP I PRESIDENTIAL RECORDS AND FOIA***

7.11.    According to the Presidential Records Act, 44 U.S.C. § 2204, ("PRA") all Presidential records—with limited exceptions—become subject to FOIA five years after the end of the President's last consecutive term.

8.12.    President Donald Trump's first term ended on 20 January 2021.

9.13.    Accordingly, all Presidential records from President Trump's first term became subject to FOIA on 20 January 2026.

5

14.  FOIA requests for Presidential records are submitted to the appropriate Presidential Library.

15.  FOIA requests for Presidential records from President Trump's first term are submitted to the Donald J. Trump Presidential Library and may be submitted by online form, email, or United States Postal Service.

### PART II: PRESIDENTIAL RECORDS SEIZED FROM THE MAR-A-LAGO CLUB

12.16.  On or around 20 January 2021, President Donald Trump caused numerous boxes, many of which contained classified documents, to be transported from the White House to the Mar-a-Lago Club in Palm Beach, Florida, where he maintained his residence.

13.17.  Then-former President Trump maintained these boxes in various locations at the Mar-a-Lago Club for over a year.

14.18.  On or around 6 May 2021, NARA requested that then-former President Trump return any Presidential records he may have kept upon leaving the White House. NARA continued to make such requests for approximately seven months.

15.19.  In late December 2021, a representative of then-former President Trump advised NARA that twelve boxes of records had been found and were ready to be returned.

16.20.  On 17 January 2022, then-former President Trump returned fifteen boxes of records to NARA.

17.21.  These fifteen boxes contained, *inter alia*, 197 documents with classified markings, including 69 marked Confidential, 98 marked Secret, and 30 marked Top Secret.

18.22.  On 9 February 2022, NARA referred the matter to the Department of Justice ("DOJ")DOJ upon discovering that the boxes contained classified documents.

19.23.  On 30 March 2022, the Federal Bureau of Investigation ("FBI")FBI opened a criminal investigation into the unlawful retention of classified documents at the Mar-a-Lago Club.

20.24.  On 2 June 2022, a lawyer for then-former President Trump identified 38 additional classified documents at the Mar-a-Lago Club, which he provided to FBI agents and a DOJ lawyer.

21.25.  On 5 August 2022, DOJ sought and obtained a warrant to search the Mar-a-Lago Club, demonstrating probable cause that additional Presidential records and classified documents were being stored there.

26.  On 8 August 2022, FBI executed this warrant and searched the Mar-a-Lago Club, recovering, *inter alia*, 102 classified documents.

22.27.  FBI and/or DOJ maintained possession of the records recovered from the Mar-a-Lago Club on 5 August 2022 and did not transfer them to NARA.

23.28.  On 28 February 2025, after being re-elected, President Trump posted on social media: "The Department of Justice has just returned the boxes that Deranged Jack Smith made such a big deal about. They are being brought down to Florida and will someday be part of the Trump Presidential Library." Donald J. Trump (@realDonaldTrump), Truth Social (Feb. 28, 2025 7:02 PM), *at* https://truthsocial.com/@realDonaldTrump/posts/114084241095787137 (last accessed Mar. 2, 2026).

24.29.  Upon information and belief, President Trump's social media post accurately stated that Presidential records recovered from the Mar-a-Lago Club by DOJ, FBI, and/or NARA were returned to the Mar-a-Lago Club on 28 February 2025.

25.30.  On 28 February 2025, White House Communications Director Steven Cheung stated that FBI was "giving the President his property back that was taken during the unlawful and illegal raids." Zoë Richards, Tara Prindiville & Charlie Gile, *FBI returns records from Mar-a-Lago search to Trump, White House says* NBC News (Feb. 28, 2025), *at* https://www.nbcnews.com/politics/white-house/white-house-staffers-seen-transporting-trump-boxes-mar-lago-rcna194316 (last accessed Mar. 2, 2026).

31.     Presidential records are not the personal property of the President, and the Trump Library accordingly maintains legal custody of any documents "given back" to President Trump.

***PART III: PLAINTIFFS' ATTEMPTS TO ENSURE RECOVERY AND PRESERVATION***

32.     On 22 April 2026, Plaintiffs, through undersigned counsel, submitted letters to DOJ and FBI, stating:

> It has recently come to our attention that the records seized by the Federal Bureau of Investigation ("FBI") from the Mar-a-Lago Club on 8 August 2022 have allegedly not, as of this writing, been transferred to the National Archives and Records Administration ("NARA") for processing as potential Presidential records for inclusion in the Donald J. Trump Presidential Library. NARA and not the Department of Justice ("DOJ") is the proper custodian of Presidential records, and transferring such records to that agency upon their recovery is a non-discretionary ministerial duty.
>
> While DOJ and FBI may initially have had a justifiable reason to retain custody of these seized records, that was applicable only during the pendency of the criminal cases against Donald Trump and his alleged co-conspirators. Those cases have been closed for over a year, and neither DOJ nor FBI continues to have reason to retain custody of these records, if they ever did. Accordingly, pursuant to the Administrative Procedure Act and the Mandamus Act, we hereby request that DOJ and FBI promptly transfer all records seized by FBI from the Mar-a-Lago Club on 8 August 2022 to NARA.

33.     As of this writing, neither FBI nor DOJ have responded to these letters.

34.     Upon information and belief, neither FBI nor DOJ have transferred these records to NARA.

35.     On 22 April 2026, Plaintiffs, through undersigned counsel, also sent an email to NARA, stating:

> "The 'return' of Presidential records covered by the PRA is unlawful, as is the transfer of federal records covered by the FRA out of government custody. The DOJ and FBI copies of these records were agency records covered by the FRA. Therefore this 'return' of records violated both statutes if copies were not retained by DOJ and/or FBI, which, from all reporting, they were not. Please take immediate action to recover these allegedly 'returned' federal and Presidential records, or, at the bare minimum, to ensure that DOJ and/or FBI possess copies of all records

9

which were allegedly 'returned' and will continue to preserve them as required by the FRA.

36.    As of this writing, NARA has not responded to this email.

26.37.  Upon information and belief, these records have not been recovered and the Archivist has not requested that the United States Attorney General initiate action under 44 U.S.C. § 2905 to recover them.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(FOIA – NARA – CONSTRUCTIVE RECORDS DENIAL – 26-19620-F)**

27.38.  Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 37 set forth above.

28.39.  On 20 January 2026, NSC submitted to the Trump Library via email a FOIA request for "all records recovered by the National Archives and Records Administration ("NARA") from President Trump between 2021-2024, inclusive."

29.40.  NSC added, "This includes all records voluntarily returned to NARA by President Trump, as well as those seized by any law enforcement agency."

30.41.  NSC added, "Please process the responsive records but do not send us copies. Once you have completed your processing, please notify me so that we can make arrangements for someone to review them at an appropriate National Archives facility."

31.42.  On 28 January 2026, Legal Eagle, through undersigned counsel, instructed the Trump Library by email to add it as a co-requester to NSC's request.

32.43.  On 18 February 2026, the Trump Library acknowledged receipt of this request and assigned it Request No. 26-19620-F.

10

33.44.  On 18 February 2026, the Trump Library advised Plaintiffs that it had limited Request No. 26-19620-F to unclassified records.

34.45.  On 18 February 2026, the Trump Library advised Plaintiffs that it was invoking "unusual circumstances" and would take an additional ten working days to process the request.

35.46.  As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

36.47.  Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

### SECOND CAUSE OF ACTION

### (FOIA – NARA – CONSTRUCTIVE RECORDS DENIAL – NW 90925)

37.48.  Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 37 set forth above.

38.49.  On 18 February 2026, the Trump Library advised Plaintiffs that it had assigned Request No. NW 90925 to the request for classified records responsive to Request No. 26-19620-F.

39.50.  As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

51.  Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

### THIRD CAUSE OF ACTION

### (APA/FRA – NARA – COMPEL ACTION TO RECOVER RECORDS)

52.  Plaintiffs repeat and reallege the allegations contained in paragraphs 1-37 set forth above.

11

53.    Under the FRA, the Archivist is required to notify the head of a federal agency of any actual destruction of records in the custody of the agency that comes to his attention and assist the head of the agency in initiating action through the Attorney General for the recovery of those records and for other redress provided by law.

54.    Furthermore, if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified, the Archivist must request that the Attorney General initiate such action.

55.    Upon information and belief, the Archivist has not assisted DOJ and/or FBI in initiating action through the Attorney General to recover any records "returned" to the Mar-a-Lago Club. Upon information and belief, the Archivist has also failed to request that the Attorney General initiate action after DOJ and/or FBI failed to act within a reasonable time.

56.    Plaintiffs have a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law.

57.    Upon information and belief, by failing to recover these records, the Archivist is violating his clearly mandated ministerial duty under 44 U.S.C. § 2905 to request that the Attorney General initiate action or seek other legal redress to recover any relevant records, thereby harming Plaintiffs by denying them—and through them, the public—access to this information of vital public interest.

58.    Plaintiffs are therefore entitled to relief in the form of a declaratory order that the Archivist is in violation of his statutory responsibilities under 44 U.S.C. § 2905 and an injunction compelling the Archivist pursuant to that statute to request that the Attorney General initiate action or seek other legal redress to recover these records.

12

## FOURTH CAUSE OF ACTION

### (FRA/MANDAMUS – NARA – COMPEL ACTION TO RECOVER RECORDS)

59.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-37 set forth above.

60.     The FRA is clear and the duties thereunder plainly defined: the Archivist is required to notify the head of a federal agency of any actual destruction of records in the custody of the agency that comes to the Archivist's attention and to assist the head of the agency in initiating action through the Attorney General for the recovery of those records and for other redress provided by law.

61.     In furtherance of these duties, the action that the FRA requires of the Archivist is equally clear and plainly defined: if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified, the Archivist must request that the Attorney General initiate such action.

62.     The duties imposed on the Archivist by these statutory provisions are non-discretionary ministerial duties.

63.     Plaintiffs have a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law.

64.     Upon information and belief, by failing to recover these records, the Archivist is violating his clearly mandated ministerial duty under 44 U.S.C. § 2905 to request that the Attorney General initiate action or seek other legal redress to recover these records, thereby harming Plaintiffs by denying them—and through them, the public—access to this information of vital public interest.

13

65.    Plaintiffs are therefore entitled to relief in the form of a writ of mandamus, ordering the Archivist to comply with the statutory duty imposed by 44 U.S.C. § 2905 to request that the Attorney General initiate action or seek other legal redress to recover these records.

### FIFTH CAUSE OF ACTION

### (APA/PRA – DOJ/FBI – COMPEL ACTION TO TRANSFER RECORDS)

66.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1-37 set forth above.

67.    Under the PRA, Presidential records must be transferred to the custody of NARA after the end of a Presidential administration.

68.    Upon information and belief, DOJ and/or FBI have not transferred the records recovered from the Mar-a-Lago Club on 8 August 2022—or copies thereof—to NARA within a reasonable time.

69.    Plaintiffs have a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law, which is the duty and responsibility of NARA, not DOJ or FBI.

70.    Upon information and belief, by failing to transfer these records, DOJ and/or FBI are violating their clearly mandated ministerial duty, thereby harming Plaintiffs by denying them—and through them, the public—access to this information of vital public interest as guaranteed by the PRA.

71.    Plaintiffs are therefore entitled to relief in the form of a declaratory order that DOJ and/or FBI are in violation of their statutory duties under the PRA and an injunction compelling them to transfer these records—or copies thereof—into NARA's custody.

14

**SIXTH CAUSE OF ACTION**

**(PRA/MANDAMUS – DOJ/FBI – COMPEL ACTION TO TRANSFER RECORDS)**

72.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1-37 set forth above.

73.    The PRA is clear and the duties thereunder plainly defined: Presidential records must be transferred into NARA's custody after a Presidential term has ended..

74.    In furtherance of these duties, the action that the PRA requires of every agency head is equally clear and plainly defined: they must take steps to ensure that all Presidential records in their custody are transferred into NARA's custody.

75.    The duties imposed on agency heads by these statutory provisions are non-discretionary ministerial duties.

76.    Plaintiffs have a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law, which is the duty and responsibility of NARA, not DOJ or FBI.

77.    Upon information and belief, by failing to transfer these records, DOJ and/or FBI are violating their clearly mandated ministerial duty, thereby harming Plaintiffs by denying them—and through them, the public—access to this information of vital public interest as guaranteed by the PRA.

40.78.  Plaintiffs are therefore entitled to relief in the form of a declaratory order that DOJ and/or FBI are in violation of their statutory duties under the PRA and an injunction compelling them to transfer these records—or copies thereof—into NARA's custody.

15

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc. pray that this Court:

(1)      Order the Donald J. Trump Presidential Library to make all responsive records available to Plaintiffs;

(2)      Declare the inaction of the Archivist to request that the Attorney General initiate action or seek other legal redress to recover any "returned" records a violation of federal law;

(3)      Order the Archivist, in the form of injunctive and mandamus relief, to request that the Attorney General initiate action or seek other legal redress to recover any "returned" records;

(4)      Declare the refusal of DOJ and/or FBI to transfer Presidential records in their custody into NARA's custody a violation of federal law;

(1)(5)   Order DOJ and/or FBI, in the form of injunctive and mandamus relief, to transfer all Presidential records—or copies thereof—into NARA's custody;

(2)(6)   Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3)(7)   Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4)(8)   Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5)(9)   Grant such other relief as the Court may deem just and proper.

Date:   ~~March~~ July ~~5~~3, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
MD Bar #31832
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*

17