

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

July 23, 2026

<u>**VIA CM/ECF**</u>

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, Maryland 20770

RE: Notice of Intent to File Partial Motion to Dismiss in *Legal Eagle, LLC, et al., v. National Archives & Records Admin.*, No. 8:26-cv-920-TDC

Dear Judge Chuang:

Defendants National Archives and Records Administration (NARA) and Acting Archivist Edward Forst (NARA Defendants) submit this notice of intent to file a Rule 12(b) motion challenging Counts 3 and 4 of the First Amended Complaint in Case No. 8:26-cv-920-TDC. *See* ECF 54 (FAC) ¶¶ 52-65. (Counts 5 and 6 of the complaint are directed at two other defendants that have not yet been served.) The parties have met and conferred. Plaintiffs oppose the motion.

There is a pending consent motion to extend the deadline to file this notice to August 7, 2026. *See* ECF 55. NARA Defendants file this notice in an abundance of caution.

## I.      <u>Background</u>

Two recordkeeping schemes govern the Executive Branch: the Presidential Records Act (PRA) and the Federal Records Act (FRA). "[N]o record is subject to both the FRA and the PRA: The FRA describes a class of materials that are federal records subject to its provisions, and the PRA describes another, mutually exclusive set of materials that are subject to a different and less rigorous regime." *Armstrong v. EOP*, 90 F.3d 553, 556 (D.C. Cir. 1996) (cleaned up).

This case is about whether a provision found in the FRA—but not the PRA—compels NARA to ask the Department of Justice to "initiat[e] action" against President Trump. Plaintiffs allege that in February 2025, the Department of Justice transferred presidential records to President Trump's home at the Mar-a-Lago Club in Florida. *See* FAC ¶¶ 29-31. Under the FRA's referral provision:

> The Archivist shall notify the head of a Federal agency of any actual, impending, or threatened unlawful removal … of records in the custody of the agency that shall come to the Archivist's attention, and assist the head of the agency in initiating action through the Attorney General for the recovery of records unlawfully removed and for other redress provided by law. In any case in which the head of the agency does not initiate an action for such recovery or other redress within a

1

reasonable period of time after being notified of any such unlawful action, the Archivist shall request the Attorney General to initiate such an action….

44 U.S.C. § 2905(a). The PRA contains no corresponding provision. *See id.* §§ 2201-2209.

## II.   Discussion

### A.   Plaintiffs fail to state a claim under the FRA.

To state a cognizable claim against NARA under Section 2905 of the FRA, Plaintiffs must allege that *federal* records were unlawfully removed from agency custody, and that the agency head was aware of the unlawful removal and failed to act. 44 U.S.C. § 2905(a). Plaintiffs' amended complaint is devoid of any allegation that the documents returned to Mar-a-Lago were federal records and instead alleges that they were presidential records. *See, e.g.*, FAC ¶ 29. A record cannot be both a presidential record and a federal record. *Armstrong v. EOP*, 90 F.3d at 556. Accordingly, Defendants will argue that Counts 3 and 4 fail as a matter of law and must be dismissed.

### B.   The Court cannot compel NARA to take enforcement action against NARA.

Plaintiffs plead both APA (Count 3) and mandamus (Count 4) claims. But Section 701(a)(2) of the Administrative Procedure Act does not permit courts to compel actions "committed to agency discretion by law." *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). In this space, mandamus cannot achieve what the APA cannot. *See Lovo v. Miller*, 107 F.4th 199 (4th Cir. 2024) (citing *City of New York v. U.S. Dep't of Def.*, 913 F.3d 423, 432 (4th Cir. 2019)). NARA's authority to refer PRA matters to the Attorney General for enforcement action is committed to the agency's sole discretion by law. Thus, neither APA nor mandamus relief is available.

In *Judicial Watch, Inc. v. NARA*, 845 F. Supp. 2d 288 (D.D.C. 2012), *appeal dismissed*, 2012 WL 3244038 (D.C. Cir. Aug. 1, 2012), a frequent FOIA requester sued NARA to demand that NARA seize audiotaped diaries recorded with a professional historian, which were recorded while President Clinton was in office, and which President Clinton retained after leaving office. *Id.* at 290-91. Judicial Watch alleged that the audiotapes were presidential records that should have been transferred to the Clinton Presidential Library (a NARA component) at the end of Clinton's second term. *See id.* at 291. It asked the Court to order the federal government "to seize [the audiotapes] directly from President Clinton." *Id.* at 302.

The district court rejected Judicial Watch's "unprecedented" demand. *Id.* at 303. It agreed that in theory, NARA could apply the FRA referral statute to presidential records. *Id.* at 292 (citing 44 U.S.C. § 2112(c), which says that "[w]hen the Archivist considers it to be in the public interest, he *may* exercise, with respect to papers, documents, or other historical materials deposited under this section, or otherwise, in a Presidential archival depository, all the functions and responsibilities otherwise vested in him pertaining to Federal records … in his custody or under his control").[1] But it held that Section 2112(c) is a discretionary authority entitled to enforcement

---

[1] At least one court would go further and say that the FRA referral statute does not apply to the PRA at all. Two months ago—in a case raising the same allegations as the amended complaint— a district court wrote that "it does not appear that NARA itself has enforcement authority to seek out presidential records unlawfully removed," in contrast to federal records. *American Hist. Ass'n v. Trump*, 2026 WL 1412395, at *10 (D.D.C. May 20, 2026).  Other district courts have approved

discretion under *Hecker v. Chaney*. *See id.* at 302 (explaining that the word "may" in 44 U.S.C. § 2112(c) "vests complete discretion with the agency to utilize that mechanism").

### C.    Plaintiffs' alleged injury is not redressable.

The Court in *Judicial Watch* dismissed the PRA mandamus claim against NARA on the additional grounds that it lacked subject matter jurisdiction over it. The Court held that the claim was not redressable, because the requested relief–seizure of records from the former President's custody–was not only an "extraordinary request" but also "unfounded, contrary to the PRA's express terms, and contrary to traditional principles of administrative law." 845 F. Supp. 2d at 302-303 (quotation marks omitted).

Plaintiffs seek even more drastic relief than what the United States District Court rejected in *Judicial Watch v. NARA*; they seek to have Defendants seize the records of an incumbent President. Because this relief is not available, their injury is not redressable, and Plaintiffs lack standing over their claims.

Dated: July 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ John Bailey*
JOHN BAILEY (OH Bar No. 104260)
Counsel to the Assistant Attorney General
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Phone: (202) 514-6993
Email: john.bailey@usdoj.gov

*Counsel for NARA Defendants*

---

replevin as a vehicle by which to recover presidential records. *See, e.g.*, *United States v. Navarro*, 664 F. Supp. 3d 48, 60-61 (D.D.C. 2023).  In all cases, the decision is discretionary.